UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) No. 3:11-00207 |
| | ) CHIEF JUDGE HAYNES |
| LATONE ANTWAIN BRITTON | ) |

### MOTION TO RECONSIDER ORDER TO RE-OPEN SUPPRESSION HEARING

Defendant Latone Britton respectfully requests that the Court reconsider its decision to grant the government's motion to re-open the suppression hearing. In the alternative, he asks that the Court require the government to submit affidavits setting forth the content of any expected testimony.

"[T]he party moving to reopen [a suppression hearing] should provide a reasonable explanation for failure to present the evidence initially." *United States v. Kithcart*, 218 F.3d 213, 220 (3d Cir. 2000) (internal quotation marks and citation omitted). "In order to properly exercise its discretion the district court must evaluate that explanation and determine if it is both reasonable, and adequate to explain why the government initially failed to introduce evidence that may have been essential to meeting its burden of proof." *Id.* Here the government has not given a reasonable explanation for its failure to present the putative evidence initially.

By way of explanation, the government claims it lacked proper notice that it needed to address three points of fact. (D.E. 43, Motion to Re-open at 2.) Each of those three claims is unsound.

*1. Whether Detective Brockman knew about Britton's search condition.* Britton moved to suppress the contraband that Officer Maddox found in this backpack because Maddox "search[ed] his backpack without probable cause and without a search warrant." (D.E. 26,